# SUPREME COURT.

## WHEELER agt. MAITLAND and others.

Motions in a cause triable out of the first judicial district, cannot be made in that district. (*Code*, § 401.)

When an action, commenced and made triable in one county, is referred for trial to a referee residing in another county, and so described in the order, the place of trial is not thereby changed. The place of residence is merely *descriptio personœ* of the referee.

The intention of the court to change the place of trial of a cause, will not be inferred from a reference to a person residing in another county than that in which it would otherwise be triable.

Especially will such an inference not be made in a suit local in its character, as for the foreclosure of a mortgage.

*New-York Special Term, Dec.*, 1855.

MOTION, in the first judicial district, in a suit to foreclose a mortgage on land in Orange county, being the second judicial district; the case having been referred for trial to a referee in the first district, and the trial, having proceeded, being now in progress therein.

FORBES, SEDGWICK & NYE, *for plaintiff*.
W. H. TAGGART, *for defendant, Maitland*.

PEABODY, Justice.    This is a motion by defendant for a commission to examine a witness abroad, and for a stay of plaintiff's proceedings a reasonable time for the execution of it. The suit is brought to foreclose a mortgage on land in Orange county, being in the second judicial district, and the venue is laid in that county.    It has been, by consent of the parties, referred for trial to a referee residing in the city of New-York. This reference, it is claimed by the moving party, makes the case within § 401 of the Code, triable in the first judicial district, and authorizes the making of this motion here.    Indeed, it was urged on the argument that the court in the second dis-

Wheeler agt. Maitland and others.

trict had denied this motion, or refused to hear it, on the ground that this reference changed the place of trial, and made this the proper county in which to move.

A clause of § 401 provides that, " no motion can be made in the first district in an action triable elsewhere." So that this motion is not properly made here, unless it appears that the cause is not triable elsewhere than in this district.

It seems to me quite clear, that this is not the fact within the meaning of the Code, and that this case is triable elsewhere than in this district, and, indeed, is not, within the meaning of the Code, triable here. I cannot doubt that this referee can properly hear it in Orange county, or that it is within the meaning of the Code triable therein. It is in its nature local, and it is provided by the Code, § 123, that it "must be tried in the county in which the subject of the action, or some part thereof, is situated." There is much more ground to doubt the power of the referee to try the cause out of Orange county ; and, indeed, without the assent of the parties, it is pretty clear he could not try it elsewhere than in that county, or, at least, that the order of reference does not confer the power.

Then, mere terms of the order of reference " to Stephen Cambreling, Esq., of the city of New-York," are quite insufficient to authorize it. It is probable that a sufficient assent to the place of trial in this cause, may be derived from the attendance of the parties before the referee, and proceeding with the trial, from time to time, in this county without objection. This, however, would not authorize the making of this motion here. No such assent to the place of making this motion is shown, or to be inferred, (even if such assent would be effectual,) for the plaintiff appears and expressly dissents ; and it can hardly be pretended that he, by permitting the reference to proceed here, has not only assented to changing the county, where other proceedings are to be had, but has so bound himself, in this respect, that he is estopped to make the objection on this motion.

If the court in the second district have intimated, as the counsel understood, it was probably on a very hasty and im-

perfect statement of the case, such as must occur at times in the pressure of business on counsel and courts; that court hardly intended to decide that the order referred to operated to change the place of trial, and render the case not triable in Orange county; and I am not, therefore, I am sure, uttering an opinion in conflict with any decision intended to be made there, which it would become me to do, if at all, with great diffidence.

The motion, therefore, must be denied, but with liberty to defendant to review it elsewhere, as he may be advised.