# BRUSH *a.* MULLANY.

*Supreme Court, Second District; Special Term, Aug.,* 1861.

REFERENCE.—PLACE OF HOLDING.—REFEREE'S JURISDICTION.—
MOTION TO VACATE JUDGMENT.

Where, on a default by all the defendants in an action for relief, a reference is or-
dered "to take proof of the facts set forth in the complaint, and report thereon,"
and the referee proceeds with the reference, and takes proof of the facts out of
the county named as the place of trial in the complaint; it is an irregularity
which renders his proceedings void, and a judgment subsequently entered on
his report will be set aside.

The objection goes to the jurisdiction of the referee, and as it is doubtful whether
any indictment for perjury would lie against any of the witnesses sworn before
him, therefore the irregularity cannot be disregarded under section 176 of the
Code.

A motion to set aside such proceedings, judgment, &c., is properly made at special
term.

Motion to set aside judgment.

This action was commenced by the service of a summons and
complaint on all of the defendants on the 19th of February, 1861,
and was brought to compel the defendants, Susan and Michael,
to execute a mortgage on certain premises in Queens county,
which was the place of trial mentioned in the complaint. The
defendants made default, and on the first day of April, 1861, an
order of reference was duly made in Kings county, to "John
Owen, counsellor at law, to take proof of the facts alleged in
the complaint, and report the same to this court with all conve-
nient speed." On the 6th of May, 1861, a decree was granted
on the referee's report as prayed for in the complaint. On the
18th of July the defendants moved to set aside the judgment,
decree, referee's report, and all the proceedings before the referee,
on the ground that the reference was executed in the city and
county of New York, and not in the county where the action
was triable, to wit, Queens county; the facts were not disputed
by the plaintiffs, but they alleged that the referee was a resident

of Queens county; the defendants also asked leave to come in and answer, &c.

*James Troy*, for the defendants.

*Kissam & Spencer*, for the plaintiffs.

BY THE COURT.—SCRUGHAM, J.—This motion is in two branches —1st, to set aside the judgment and referee's report; and 2d, to allow the defendants to come in and answer.

If the motion was to vacate the judgment upon the ground that the referee had erred in any conclusion of fact or law, it could not be entertained, for it is well settled that the only mode of reviewing a referee's report is by appeal from the judgment entered upon it to the general term; but this motion is founded upon an irregularity in the proceedings of the referee, of such a character as to render them invalid, and is properly made at special term.

The place of trial mentioned in the complaint was Queens county; and upon the failure of the defendants to answer, a reference was ordered to John Owen, Esq., a resident of Queens county, to take proof of the facts alleged in the complaint, and report the same to the court.

This reference was executed in the city and county of New York; and this was an irregularity, as the place of trial was Queens county, and by Rule 24 the reference should have been executed in that county, the court not having otherwise ordered.

The cases cited by the plaintiffs' attorneys are not in point. In Marsh *a.* Lowry, it was held that the placing the venue, and having the trial in a county different from that in which the property was situated, was not an irregularity, because section 126 of the Code provides that if the county designated in the complaint as the place of trial be not the proper county, the action may notwithstanding be tried there, unless the place of trial be changed by consent or the order of the court.

In Wheeler *a.* Maitland (12 *How. Pr.*, 35), it is held that the appointment of a referee residing in a different county does not change the place of trial; but the learned judge who gave the opinion in that case says that it is pretty clear that the referee could not, without the assent of the parties, try the cause elsewhere than in the county named as the place of trial.

The case from 2d Johnson cannot now, since the Code and the 24th rule, be regarded as authority.

The objection goes to the jurisdiction of the referee, and it is doubtful whether any indictment for perjury would lie against either of the witnesses sworn before him; and therefore the irregularity cannot be disregarded under section 176 of the Code.

The referee's report and the judgment entered thereon, with all subsequent proceedings of the plaintiffs, must be set aside.

The summons in this action was personally served on all of the defendants about the 9th of February last, and it was not until about the 18th of July last that either of them appears to have taken any notice of it; this was about five months after the time to answer expired: and for this neglect they give no other excuse than their ignorance of legal proceedings.

As, however, they swear to merits, and as there has been irregularity in the plaintiffs' proceedings, I think they should be let in to defend, if it can be done upon such terms as to prevent their taking advantage of the delay which will be thus occasioned, to encumber or convey the property described in the complaint, and thus defeat the plaintiffs' remedy, in case of their recovering judgment against them.

The defendants, Susan Mullany and Michael Mullany, are allowed to answer, and the defendant, Patrick Mullany, to demur to the complaint within fifteen days from the entry of this order, provided they shall, within ten days from the entry, execute and deliver to the plaintiffs a bond with sufficient surety, to be approved by a justice of this court or the county judge of Queens county, in the penalty of three hundred and fifty dollars, conditioned that if the plaintiffs shall recover judgment against them in this action, their title to the land mentioned in the complaint shall, at the time of the entry of such judgment, be as good and free from encumbrance as it was on the 6th day of May, 1861, before the entry of the judgment which is by this order vacated. No costs are awarded to either party. In case of the failure of the defendants to comply with the terms upon which they are allowed to answer, the referee will proceed to take proof of the facts alleged in the complaint, and report the same to this court with all convenient speed.